**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| JHAMIR DAVIS, by and through his next, | ) | |
| friend JENNIFER WILLIAMS | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | No:    24 cv 1701 |
| JOLIET TOWNSHIP HIGH SCHOOL | ) | |
| DISTRICT 204 BOARD OF EDUCATION | ) | |
| and BREAH POINTER | ) | **PLAINTIFF DEMANDS** |
| | ) | **TRIAL BY JURY** |
| | ) | |
| Defendants. | ) | |

**COMPLAINT AT LAW**

NOW COME the Plaintiffs, JHAMIR DAVIS by and through his Next Friend JENNIFER

WILLIAMS, by and through their attorneys, KREAMER LAW GROUP, LLC., and for their

Complaint at Law against the Defendants, JOLIET TOWNSHIP HIGH SCHOOL DISTRICT 204

BOARD OF EDUCATION and BREAH POINTER, states as follows:

**PARTIES**

1.    Plaintiff, Jhamir Davis, is an individual citizen of Illinois, residing in Joliet, Illinois. During

all times relevant was a student within Joliet Township High School District 204.

2.    Plaintiff, Jennifer Williams, is the mother of Plaintiff Jhamir Davis and an individual

citizen of Illinois, residing in Joliet, Illinois.

3.    Defendant Joliet Township High School District 204 Board of Education, is a political

subdivision of the Illinois State Board of Education, located in a geographic area of Will County.

The school district serves approximately 6,958 students throughout its 4 high schools, which

include the alternative Pathways Program campus and the Will County Detention Center 9-12,

alongside their traditional district schools. Joliet Township High School District 204 Board of Education is headquartered at 300 Caterpillar Dr., Joliet, IL 60436.

4.      Defendant, Breah Pointer, upon information and belief, is and was at all relevant times a social worker at Joliet Township High School District 204, in Joliet, IL. And upon information and belief is a citizen of Country Club Hills, IL.

## JURISDICTION AND VENUE

5.      This Court has jurisdiction over federal questions pursuant to 28 U.S.C. §1331 and redressing violations of civil rights pursuant to 28 U.S.C. §1343, as well as supplemental jurisdiction over Illinois state law claims pursuant to 28 U.S.C. §1367.

## RELEVANT FACTS

6.      Plaintiff J. Davis was a student at Joliet Township High School District 204 Board of Education (hereinafter, "JTHS"), and graduated as part of the Class of 2023. Plaintiff was a special education student and had an Individualized Education Plan or IEP throughout his high school career.

7.      Defendant Breah Pointer (hereinafter, "Defendant Pointer") is and was at all times relevant a social worker and mandatory reporter for Defendant JTHS and was assigned to work with Plaintiff in or around Plaintiff's sophomore year.

8.      Plaintiff was assigned to work with Defendant Pointer in light of certain substance use issues he faced along with other challenges notated in Plaintiff's IEP, during his sophomore year.

9.      During Plaintiff's sophomore year, Defendant Pointer began flirting with Plaintiff. This behavior would take place in the hallways at school, within Defendant's office during sessions with Plaintiff, and at times when Plaintiff should have been in class. Defendant would call Plaintiff to her office and excuse him from class, for one to two periods at a time. During the time in

Defendant's office, Defendant would sit on Plaintiff's lap while describing in detail her sexual desires and what she would like to do sexually with the Plaintiff.

10. Defendant's wholly inappropriate behavior escalated to text messages, phone calls, and Face Time calls, wherein Defendant removed her clothing and touched herself while Plaintiff watched.

11. On or about November 16, 2021, at approximately 2:56 p.m., Plaintiff received a text message from Defendant Pointer. This began a string of text messages wherein Defendant would go on to describe the inappropriate feelings and sexual desires she was having for Plaintiff.

12. Defendant would text Plaintiff during school hours, as well as on his personal time, and well into the late hours of the night into the early hours of the morning.

13. Defendant, a social worker, and mandatory reporter knew or should have known this behavior was inappropriate, unethical, and illegal. That, however, did not stop Defendant from pursuing Plaintiff with her behavior steadily growing more aggressive and salacious.

14. In addition to texting Plaintiff about her sexual fantasies and desires for him, Defendant went on to describe the manner in which she pleasured herself to climax while thinking about Plaintiff.

15. Defendant again upped the ante with her inappropriate and illegal behavior when through a Face Time call she caressed her naked body while the Plaintiff watched.

16. Defendant Pointer, as a social worker, held a position of power and trust over the Plaintiff. Defendant used sexual prowess and intimidation against Plaintiff who was already impressionable and in a precarious position and was a minor with no ability to consent.

17. In addition to Defendant's sexually charged communications with Plaintiff, Defendant also began a pattern of grooming and manipulative behaviors towards the Plaintiff.

18.     During multiple sessions as well as via text messages and phone calls, Defendant would chide Plaintiff when or if he expressed interest in other female students, his own age. On one occasion at least, Plaintiff opened up and spoke to Defendant about his interests in other females, on or about May 20, 2022, Defendant texted Plaintiff stating, "Thanks for breaking my heart." Defendant genuinely believed she was in a relationship with Plaintiff.

19.     This type of grooming and manipulation continued throughout the tenure of the Plaintiff's interactions with Defendant.

20.     Defendant would play games with Plaintiff, acting coy and playing "hard to get," confusing Plaintiff even more, as Defendant would scold Plaintiff for speaking about other female students, then lure him in with sexual fantasies.

21.     Defendant Pointer at one point described in detail her feelings for the Plaintiff, going as far as to tell Plaintiff she loved him and that she was falling in love with him, while also alluding to the fact that they could not have a proper relationship.

22.     Defendant repeatedly acknowledged that she and Plaintiff could not do certain things for fear of being caught, recognizing that the behaviors she was engaging in were inappropriate. Yet, she continued to go after Plaintiff repeatedly.

23.     During the period of time between approximately April 27, 2023, and May 20, 2023, Defendant and Plaintiff exchanged over 350 text messages.

24.     During this period, Defendant Pointer in a text message encouraged Plaintiff Davis to "grip/cuff/grab" her, "not just a lil (sic) tap."

25.     During this period, Defendant offered to come and pick Plaintiff up from his home in Joliet and take him back to her home in Country Club Hills, almost 25 miles away.

26.     Defendant during this time, in addition to the inappropriate sexual interactions with Plaintiff, also gave Plaintiff money to purchase marijuana, as well as a tattoo.

27.     Defendant is a licensed social worker, subject to all federal, state, and local laws, codes, and ethical requirements. Defendant's chosen profession carries a certain level of gravitas especially as it pertains to her work within Defendant JTHS. Defendant did knowingly violate both state and federal law and her ethical requirements as a licensed social worker by engaging in the sexual exploitation of one of her patients, a minor student of Defendant JTHS.

28.     Defendant Pointer did knowingly violate Defendant JTHS's policies put in place to protect the children it serves.

29.     For approximately two and half years, Defendant Pointer under the supervision of Defendant JTHS did knowingly engage in the sexual exploitation of Plaintiff Davis, a minor student with a disability and an IEP documenting his troubles with substance use disorder among other challenges.

**JOLIET TOWNSHIIP HIGH SCHOOL BOARD OF EDUCATION POLICIES**

30.     At all times relevant, there was in effect Defendant JTHS's multiple policies prohibiting any form of child sexual abuse and grooming and employee ethics. On their website, you can find their Board policies enumerating the above.

31.     At all times relevant, there was in effect Defendant JTHS's Policy 4:165 Awareness and Prevention of Child Sexual Abuse and Grooming Behaviors. This policy outlines and details the Board's responsibilities and obligations to increase awareness and knowledge of the signs and behaviors associated with sexual abuse and grooming, as well as prevention. This policy also addresses appropriate relationships between District employees and students.

32.     At all times relevant, there was in effect Defendant JTHS's Policy 5:100 Staff Development Program, which includes mandated reporter training by a competent provider or agency in with expertise in recognizing and reporting child abuse.

33.     This same policy also addresses training requirements for a staff development program effective on or before January 31, 2023, to educate employees on evidence-informed training on preventing, reporting, and responding to child sexual abuse, grooming behaviors, and boundary violations.

34.     At all times relevant, there was in effect Policy 5:120 Employee Ethics; Code of Professional Conduct; and Conflict of Interest. The first paragraph of this policy states, "All District employees are expected to maintain high standards in their job performance, demonstrate integrity, and honesty, be considerate and cooperative, and maintain professional and appropriate relationships with students, parents/guardians, staff members, and others."

35.     In addition to the above, the policy states:

> Professional and Appropriate Conduct
>
> Professional and appropriate employee conduct are important Board goals that impact the quality of a safe learning environment and the school community, increasing students' ability to learn and the District's ability to educate. To protect students from sexual misconduct by employees, and employees from the appearance of impropriety, State law also recognizes the importance for District employees to constantly maintain professional and appropriate relationships with students by following established expectations and guidelines for employee-student boundaries. Many breaches of employee-student boundaries do not rise to the level of criminal behavior but do pose a potential risk to student safety and impact the quality of a safe learning environment. Repeated violations of employee-student boundaries may indicate the grooming of a student for sexual abuse. As bystanders, employees may know of concerning behaviors that no one else is aware of, so their training on: preventing, recognizing, reporting, and responding to child sexual abuse and grooming behavior; (2) this policy; and (3) federal and state reporting requirements is essential to maintaining the Board's goal of professional and appropriate conduct.

The Superintendent or designee shall identify employee conduct standards that define appropriate employee-student boundaries, provide training about them, and monitor the District's employees for violations of employee-student boundaries. The employee conduct standards will require that, at a minimum:

1. Employees who are governed by the Code of Ethics for Illinois Educators, adopted by the Ill. State Board of Education (ISBE), will comply with its incorporation by reference into this policy.

2. Employees are trained on educator ethics, child abuse, grooming behaviors, and employee student boundary violations as required by law and policies 2:265, Title IX Sexual Harassment Grievance Procedure; 4:165, Awareness and Prevention of Child Sexual Abuse and Grooming Behaviors; 5:90, Abused and Neglected Child Reporting; and 5:100, Staff Development Program.

3. Employees maintain professional relationships with students, including maintaining employee student boundaries based upon students' ages, grade levels, and developmental levels and following District-established guidelines for specific situations, including but not limited to:

   a. Transporting a student;
   b. Taking or possessing a photo or video of a student; and
   c. Meeting with a student or contacting a student outside the employee's professional role.

4. Employees report prohibited behaviors and/or boundary violations pursuant to Board policies 2:260, Uniform Grievance Procedure; 2:265, Title IX Sexual Harassment Grievance Procedure; and 5:90, Abused and Neglected Child Reporting.

5. Discipline up to and including dismissal will occur for any employee who violates an employee conduct standard or engages in any of the following:

   a. Violates expectations and guidelines for employee-student boundaries.
   b. Sexually harasses a student.
   c. Willfully or negligently fails to follow reporting requirements of the Abused and Neglected Child Reporting Act (325 ILCS 5/), Title IX of the Education Amendments of 1972 (20 U.S.C. §1681 et seq.), or the Elementary and Secondary Education Act (20 U.S.C. § 7926).
   d. Engages in grooming as defined in 720 ILCS 5/11-25.

7

e. Engages in grooming behaviors. Prohibited grooming behaviors include, at a minimum, sexual misconduct. Sexual misconduct is any act, including but not limited to, any verbal, nonverbal, written, or electronic communication or physical activity, by an employee with direct contact with a student, that is directed toward or with a student to establish a romantic or sexual relationship with the student. Examples include, but are not limited to:

i. A sexual or romantic invitation.
ii. Dating or soliciting a date.
iii. Engaging in sexualized or romantic dialog.
iv. Making sexually suggestive comments that are directed toward or with a student.
v. Self-disclosure or physical exposure of a sexual, romantic, or erotic nature.
vi. A sexual, indecent, romantic, or erotic contact with the student.

## COUNT I – AGAINST JOLIET TOWNSHIP HIGH SCHOOL DISTRICT 204 BOARD OF EDUCATION WILLFUL AND WANTON SUPERVISION

36. Plaintiff adopts and incorporates the allegations contained in paragraphs 1-35 above as if set forth in this paragraph 36 herein.

37. At all times relevant, Defendant JTHS had a duty to exercise reasonable care in the supervision of its employees and/or agents, including but not limited to its teachers, administrators, support staff, counselors, and social workers.

38. At all times relevant, Defendant JTHS had a duty to protect Plaintiff Davis from the ongoing known sexual exploitation, harassment, and grooming on the part of Defendant Pointer.

39. At all times relevant, Defendant JTHS had a duty to exercise reasonable care in the supervision of those on its premises, including Defendant Pointer in this Complaint.

40. At all times relevant, Defendant JTHS knew, or should have known that Defendant Pointer was using its premises to sexually exploit, harass, and groom Plaintiff Davis.

41.     At all times relevant, Defendant JTHS knew, or should have known that Plaintiff was the constant target of sexual exploitation, harassment, and grooming at the hands of Defendant Pointer.

42.     At all times relevant, Defendant JTHS knew or should have known that its agents and employees, including its teachers, administrators, support staff, counselors and social workers failed to prevent or protect Plaintiff from the sexual exploitation, harassment, and grooming at the hands of Defendant Pointer.

43.     At all relevant times, Defendant JTHS had a duty to abide by all applicable federal, state, and local laws, including Title IX.

44.     At all relevant times, Defendant JTHS had a duty to comply with and follow its own policies and procedures, as set forth on their website, in responding to, investigating, disciplining, preventing, and reporting the sexual exploitation, harassment, and grooming faced by Plaintiff, in order to prevent and deter future incidents.

45.     At all relevant times, Defendant JTHS had a duty to protect and keep safe Plaintiff's mental health and well-being, physical well-being, emotional well-being, and to prevent and intervene where the sexual exploitation, harassment, and grooming threat were known or should have been known by the Defendant.

46.     In violation of its duties as aforesaid, Defendant JTHS did commit one or more of the following acts or omissions:

   a.  Willfully and wantonly failed to protect Plaintiff from the reasonably foreseeable sexual exploitation, harassment, and grooming by Defendant Pointer.

   b.  Willfully and wantonly failed to protect Plaintiff from the infliction of emotional distress from Defendant Pointer.

   c.  Willfully and wantonly failed to supervise Defendant Pointer's actions while on its premises.

d.  Willfully and wantonly failed to ensure that its staff including teachers, administrators, support staff, counselors and social workers were maintaining discipline as required by its own policies and procedures.

e.  Willfully and wantonly failed to ensure this its staff including teachers, administrators, support staff, counselors and social workers accurately reported and investigated Defendant Pointer's sexual exploitation, harassment, and grooming.

f.  Willfully and wantonly violated in relevant part its own Board Policy 4:165 Awareness and Prevention of Child Sexual Abuse and Grooming Behaviors.

g.  Willfully and wantonly violated in relevant part its own Policy 5:100 Staff Development Program.

h.  Willfully and wantonly violated in relevant part its own Policy 5:120 Employee Ethics; Code of Professional Conduct; and Conflict of Interest.

i.  Willfully and wantonly violated its own policies and procedures which include Title IX violations.

j.  Willfully and wantonly allowed staff employees and/or agents, including but not limited to its teachers, administrators, support staff, counselors, and social workers to neglect Plaintiff by failing to create a safe learning environment for Plaintiff, and failing to intervene and protect Plaintiff from the known sexual exploitation, harassment, and grooming committed by Defendant Pointer on its premises.

47.  As a direct and proximate result of Defendant JTHS's conduct, Plaintiff has suffered and will continue to suffer severe emotional distress, resulting in physical manifestations, embarrassment, loss of self-esteem, humiliation, and psychological injuries; has incurred and will continue to incur expenses for psychological treatment, therapy, and counseling.

WHEREFORE, Plaintiff demands judgment against the Defendants for compensatory damages in an amount in excess of fifty thousand dollars ($50,000.00) and for exemplary damages in an amount that will serve to punish the Defendants and deter the Defendants from similar conduct and for their costs and expenses and for all such and further relief as the Court deems to be fair and just.

## COUNT II – WILLFUL AND WANTON CONDUCT
## AGAINST DEFENDANT POINTER

48.     Plaintiff adopts and incorporates the allegations contained in paragraphs 1-47 above as if set forth in this paragraph 48 herein.

49.     At all times relevant, Defendant Pointer knew or should have known the acts of sexual exploitation, harassment, and grooming directed by her toward Plaintiff would cause severe emotional, mental, and physical distress.

50.     At all times relevant, Defendant Pointer knew or should have known the acts of sexual exploitation, harassment, and grooming directed by her toward Plaintiff were unwanted and nonconsensual as Plaintiff was a minor and did in fact cause Plaintiff to suffer severe emotional, mental, and physical distress.

51.     At all times relevant, Defendant Pointer knew or should have known the acts of sexual exploitation, harassment, and grooming directed by her toward Plaintiff were not permitted on Defendant JTHS premises.

52.     At all times relevant, Defendant Pointer knew or should have known the acts of sexual exploitation, harassment, and grooming directed by them toward Plaintiff were in direct violation of 740 ILCS 140/, Ill. Admin. Code tit. 68 § 1283.100, and the NASW Code of Ethics: Ethical Standards – 1. Social Workers' Ethical Responsibilities to Clients she is in part governed by.

53.     At all times relevant, Defendant Pointer knew or should have known she had a duty to comply with and follow all of Defendant JTHS's policies and procedures, as set forth on their website, with regard to the sexual exploitation, harassment, and grooming suffered by the Plaintiff at her hands.

54.     At all times relevant, Defendant Pointer knew or should have known she was violating Defendant JTHS's policies and procedures to prevent and not participate in sexual exploitation, harassment, and grooming.

55.     Defendant Pointer, did wantonly and willfully commit one or more of the following acts or omissions:

   a.  Willfully and wantonly failed to stop her acts of sexual exploitation, harassment, and grooming causing Plaintiff to suffer the infliction of emotional distress.

   b.  Willfully and wantonly failed to follow Defendant JTHS's policies and procedures against sexual exploitation, harassment, and grooming while on its premises.

   c.  Willfully and wantonly violated in relevant part Defendant JTHS's Policy 4:165 Awareness and Prevention of Child Sexual Abuse and Grooming Behaviors.

   d.  Willfully and wantonly violated in relevant part Defendant JTHS's Policy 5:100 Staff Development Program.

   e.  Willfully and wantonly violated in relevant part Defendant JTHS's 5:120 Employee Ethics; Code of Professional Conduct; and Conflict of Interest.

   f.  Willfully and wantonly violated Defendant JTHS's Policies and Procedures, which include Title IX violations.

   g.  Willfully and wantonly failed to abide by and follow Defendant JTHS's policies and procedures mandating a safe learning environment, by continuing her reckless and conscious disregard for Plaintiff, by participating in her relentless sexual exploitation, harassment, and grooming of Plaintiff, on the premises.

   h.  Defendants recklessly or consciously disregarded the substantial risks that their actions perpetuated against Plaintiff and were otherwise willful and wanton in their conscious disregard for the safety of Plaintiff.

56.     As a direct and proximate result of Defendant Pointer's conduct, Plaintiff has suffered and will continue to suffer severe emotional distress, resulting in physical manifestations, embarrassment, loss of self-esteem, humiliation, and psychological injuries; has incurred and will continue to incur expenses psychological treatment, therapy, and counseling.

WHEREFORE, Plaintiff demands judgment against the Defendants for compensatory damages in an amount in excess of fifty thousand dollars ($50,000.00) and for exemplary damages in an amount that will serve to punish the Defendants and deter the Defendants from similar conduct and for their costs and expenses and for all such and further relief as the Court deems to be fair and just.

## COUNT III – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS AGAINST JOLIET TOWNSHIP HIGH SCHOOL DISTRICT 204

57.     The Plaintiff adopts and incorporates the allegations set forth in paragraphs 1-56 of this Complaint above, as though fully set forth in paragraph 57 herein.

58.     At all times relevant, Defendant JTHS owed Plaintiff a duty of protecting him from the sexual exploitation, harassment, and grooming it knew or should have known was happening at the hands of Defendant Pointer.

59.     At all times relevant, Defendant JTHS by and through its staff employees and/or agents, including but not limited to its teachers, administrators, support staff, counselors and social workers held a position of power and authority over Plaintiff while he was on the premises.

60.     At all times relevant, Defendant JTHS knew or should have known that Plaintiff did not consent to the sexual exploitation, harassment, and grooming he was being subjected to by Defendant Pointer.

61.     At all times relevant, Defendant JTHS committed extreme and outrageous acts by condoning, approving of, and otherwise allowing the sexual exploitation, harassment, and grooming against Plaintiff to continue unfettered.

62.     At all times relevant, Defendant JTHS committed extreme and outrageous acts by condoning, fostering, approving, and/or failing to eradicate a toxic culture of sexual exploitation, harassment, and grooming by its employees on the premises.

63.     At all times relevant, Defendant JTHS intentionally refrained from taking action to enforce its own policies, procedures, rules, and regulations, as well as federal laws against ongoing sexual exploitation, harassment, and grooming, despite knowledge of said misconduct.

64.     Defendant JTHS engaged in extreme and outrageous conduct by ignoring the sexual exploitation, harassment, and grooming endured by Plaintiff, tolerating sexual exploitation, harassment, and grooming in direct violation of its own policies, detrimentally effecting Plaintiff's mental health and substantially interfering with Plaintiff's academic performance and ability to benefit from school services, not observing, supervising, or investigating allegations of sexual exploitation, harassment, and grooming; not taking requisite action to discipline Defendant Pointer involved in the sexual exploitation, harassment, and grooming, and providing no viable solution whatsoever to address Plaintiff's safety concerns.

65.     Defendant JTHS acted with willful malice and knowledge of or with conscious disregard of the harm that would be inflicted upon Plaintiff by allowing Defendant Pointer to be unsupervised on the premises.

66.     Defendant JTHS's conduct caused the Plaintiff to suffer fright, grief, worry, shame, humiliation, and severe or extreme emotional distress.

        WHEREFORE, Plaintiff demands judgment against the Defendants for compensatory damages in an amount in excess of fifty thousand dollars ($50,000.00) and for exemplary damages in an amount that will serve to punish the Defendants and deter the Defendants from similar conduct and for their costs and expenses and for all such and further relief as the Court deems to be fair and just.

## COUNT IV – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
## AGAINST DEFENDANT POINTER

67.     The Plaintiff adopts and incorporates the allegations set forth in paragraphs 1-66 of this Complaint above, as though fully set forth in paragraph 67 herein.

68.     At all times relevant, Defendant Pointer knew or should have known that Plaintiff did not consent to the sexual exploitation, harassment, and grooming she subjected him to.

69.     At all times relevant, Defendant Pointer committed extreme and outrageous acts of sexual exploitation, harassment, and grooming against Plaintiff.

70.     At all times relevant, Defendant Pointer committed extreme and outrageous acts by participating in a toxic culture of sexual exploitation, harassment, and grooming against Plaintiff on the premises.

71.     At all times relevant, Defendant Pointer intentionally rebuffed and otherwise did willfully and wantonly fail to comply with  Defendant JTHS's policies, procedures, rules, and regulations against ongoing sexual exploitation, harassment, and grooming.

72.     Defendant Pointer engaged in extreme and outrageous conduct by engaging sexual exploitation, harassment, and grooming aimed at Plaintiff, despite those actions being taken in direct violation of Defendant JTHS's policies, detrimentally effecting Plaintiff's mental health, and substantially interfering with Plaintiff's academic performance and ability to benefit from school services.

73.     Defendant acted with willful malice and knowledge of or with conscious disregard of the harm that would be inflicted upon Plaintiff by their sexual exploitation, harassment, and grooming.

74.     The Defendant's conduct caused the Plaintiff to suffer fright, grief, worry, shame, humiliation, and severe or extreme emotional distress.

WHEREFORE, Plaintiff demands judgment against the Defendants for compensatory damages in an amount in excess of fifty thousand dollars ($50,000.00) and for exemplary damages in an amount that will serve to punish the Defendants and deter the Defendants from similar conduct and for their costs and expenses and for all such and further relief as the Court deems to be fair and just.

## COUNT V -  NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS
## AGAINST ALL DEFENDANTS

75.     The Plaintiff adopts and incorporates the allegations set forth in paragraphs 1-74 of this Complaint above, as though fully set forth in paragraph 75 herein.

76.     The Defendants owed the Plaintiff a duty to protect him from sexual exploitation, harassment, and grooming.

77.     The Defendants owed the Plaintiff a duty not to allow and/or participate in the continued sexual exploitation, harassment, and grooming.

78.     The Defendants breached one or more of the following duties owed to the Plaintiff in one or more of the following ways, all of which were done directly toward Plaintiff within the zone of physical danger:

   a.  made or allowed to be made overt sexual comments and touching directed at the Plaintiff;

   b.   caused or allowed to be caused continued harassment of Plaintiff on and off the premises;

   b.  sent or allowed to be sent nonconsensual sexual text messages to Plaintiff in a private setting and on the premises;

   d.  made or allowed to be made nonconsensual video calls wherein Defendant Pointer was naked and erotically touching herself;

   e.  violated district policies and procedures on sexual exploitation, harassment, and grooming;

f. violated district policies on disciplinary actions and investigations.

79.     As a direct and proximate result of one or more of the preceding negligent acts and omissions by Defendant Pointer, Plaintiff has suffered from injuries, including but not limited to humiliation, fright, grief, worry, shame, physical and emotional distress, and severe and extreme emotional distress.

80.     Plaintiff suffered from severe physical illness as a proximate result of Defendant Pointer's actions, and seriously affected his psychological well-being.

        WHEREFORE, Plaintiff demands judgment against the Defendants for compensatory damages in an amount in excess of fifty thousand dollars ($50,000.00) and for exemplary damages in an amount that will serve to punish the Defendants and deter the Defendants from similar conduct and for their costs and expenses and for all such and further relief as the Court deems to be fair and just.

## COUNT VI – NEGLIGENCE
## DEFENDANT JOLIET TOWNSHIP HIGH SCHOOL BOARD OF EDUCATION

81.     The Plaintiff adopts and incorporates the allegations set forth in paragraphs 1-80 of this Complaint above, as though fully set forth in paragraph 81 herein.

82.     Defendant JTHS had a duty to and yet failed to uphold and follow its own policies and procedures protecting students from sexual exploitation, harassment, and grooming.

83.     Defendant JTHS had a duty to and yet failed to fully investigate, in a timely manner, Plaintiff's allegations of sexual exploitation, harassment, and grooming.

84.     As a direct and proximate result of one or more of the preceding negligent acts and omissions by Defendant JTHS, Plaintiff has suffered humiliation, fright, grief, worry, shame, and severe and extreme emotional distress.

WHEREFORE, Plaintiff demands judgment against the Defendants for compensatory damages in an amount in excess of fifty thousand dollars ($50,000.00) and for exemplary damages in an amount that will serve to punish the Defendants and deter the Defendants from similar conduct and for their costs and expenses and for all such and further relief as the Court deems to be fair and just.

### COUNT VII – CIVIL RIGHTS VIOLATION UNDER 42 U.S.C. § 1983: EQUAL PROTECTION – AGAINST ALL DEFENDANTS

85.     The Plaintiff adopts and incorporates the allegations set forth in paragraphs 1-84 of this Complaint above, as though fully set forth in paragraph 85 herein.

86.     At all times relevant, Defendant JTHS was acting under color of law.

87.     That the above actions by Defendant JTHS have resulted in the denial of equal protection rights, as a "class of one," all in violation of the Fourteenth Amendment to the United States Constitution, as Plaintiff was sexually exploited, harassed, and groomed, all against his will, and differently than those similarly situated students.

88.     That the actions of Defendant JTHS were the result of utter indifference and conscious disregard against Plaintiff, and said actions and denials were taken without any rational basis.

89.     That by reason of the aforesaid actions, Defendant JTHS's actions exhibit deliberate indifference to and/or reckless disregard for the constitutional rights of Plaintiff and other similarly situated students, all in violation of his constitutional rights.

90.     Plaintiff was intentionally treated differently from the rest of his peers and there was no rational basis for the disparate treatment, including being subject to sexual exploitation, harassment, and grooming.

91.     Defendant JTHS did not take adequate actions to prevent or deter the conduct of Defendant Pointer.

92.     Defendant JTHS purports to follow its policies outlined on its website of zero tolerance for

harassment, bullying, and discrimination.

93.     Defendant JTHS failed to follow its policies, including:

a.  Upon information and belief, failing to protect Plaintiff from the reasonably foreseeable sexual exploitation, harassment, and grooming by Defendant Pointer.

b.  Upon information and belief, failing to protect Plaintiff from the infliction of emotional distress from Defendant Pointer.

c.  Upon information and belief, failing to supervise Defendant Pointer's actions while on its premises.

d.  Upon information and belief, failing to ensure that by and through its staff employees and/or agents, including but not limited to its teachers, administrators, support staff, counselors and social workers were maintaining discipline as required by its own policies and procedures.

e.  Upon information and belief, failing to ensure this by and through its staff employees and/or agents, including but not limited to its teachers, administrators, support staff, counselors and social workers accurately reported and investigated Defendant Pointer's sexual exploitation, harassment, and grooming.

f.  Upon information and belief, failing to administer and follow in relevant part its own Policy on Awareness and Prevention of Child Sexual Abuse and Grooming Behaviors.

g.  Upon information and belief, failing to administer and follow in relevant part its own Policy on its Staff Development Program.

h.  Upon information and belief, failing to administer and follow in relevant part its own Policy on Employee Ethics; Code of Professional Conduct; and Conflict of Interest.

i.  Upon information and belief, failing to administer and follow its own policies, which include Title IX violations.

j.  Upon information and belief, allowing staff employees and/or agents, including but not limited to its teachers, administrators, support staff, counselors, and social workers to neglect Plaintiff by failing to create a safe learning environment for Plaintiff, and failing to intervene and protect Plaintiff from the

known sexual exploitation, harassment, and grooming  committed by Defendant Pointer on its premises.

94.     As a direct and proximate result of one or more of the aforesaid acts and omissions by Defendant JTHS, Plaintiff suffered and continues to suffer a deprivation of his rights secured to her by the Fourteenth Amendment of the United State Constitution and is thus entitled to an award of monetary damages.

95.     As a direct and proximate result of one or more of the aforesaid acts and omissions by Defendant JTHS, Plaintiff suffered humiliation, fright, grief, worry, shame, and severe and extreme emotional distress.

WHEREFORE, Plaintiff demands judgment against the Defendants for compensatory damages in an amount in excess of fifty thousand dollars ($50,000.00) and for exemplary damages in an amount that will serve to punish the Defendants and deter the Defendants from similar conduct and for their costs and expenses and for all such and further relief as the Court deems to be fair and just.

**COUNT VIII – AGAINST ALL DEFENDANTS**
**VIOLATION OF SECTION 504 OF THE REHABILITATION ACT 29 U.S.C. § 794 38**

96.     The Plaintiff adopts and incorporates the allegations contained in paragraphs 1-95 above as if set forth in this paragraph 96 herein.

97.     Under Section 504 of the Rehabilitation Act, "[n]o otherwise qualified individual with a disability …shall, solely by reason of her of his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under…any program or activity conducted by any Executive agency… ." 29 U.S.C. § 794(a). The operations of Defendants Chicago Public School District, MPHS, and HCES are a "program or activity," which is defined to include all of the operations of agencies of a state and school systems. 29 U.S.C. § 794(b)(2)(B).

98.     The definition of "disability" is a "physical or mental impairment that substantially limits one or more major life activities," including, but not limited to, "caring for oneself, performing manual tasks, seeing, hearing, eating, sleeping, walking, standing, lifting, bending, speaking, breathing, learning, reading, concentrating, thinking, communicating, and working." 42 U.S.C. §§ 12102 (1)(A), (2)(A) (emphasis added).

99.     Plaintiff J. Davis had in place an IEP due to his learning disability, an impairment that limits his ability to learn, read, concentrate, think and/or communicate, and to generally receive an education and have the opportunity to succeed in school.

100.     There are effective and reasonable accommodations that were put in place as part of Plaintiff's IEP that would allow Plaintiff J. Davis to learn, read, concentrate, think, communicate, and enjoy the benefit of public education. The effects of Plaintiff J. Davis,' disability can be addressed with behavioral and mental health resources, such as counseling and therapy, and an intuitive IEP, in order for him to have meaningful access to education. In order to meaningfully access his right to public education, Plaintiff J. Davis requires a system of education and educators responsive to and capable of addressing his additional needs.

101.     In spite of the federal requirements, state law, and district policies to address sexual misconduct and how to adequately respond to sexual misconduct within a school system, Defendants have failed to follow all of those laws, systems, procedures, and training tools to ensure Plaintiff J. Davis, received the specialized instruction, related services, and other necessary resources to access the benefits of public education.

102.     The Defendants' actions as described above violated the Plaintiff's rights under the Rehabilitation Act where the Plaintiff suffered disparate treatment that had a substantial disparate

impact against him where the Defendants failed to provide the Plaintiff with safe reasonable accommodations.

103.     The Defendants' actions by and through their agents and/or employees as described above violated the Plaintiff's rights under the   Rehabilitation Act including but not limited to the following ways:

a.   Willfully and wantonly failed to protect Plaintiff from the reasonably foreseeable sexual exploitation, harassment, and grooming by Defendant Pointer.

b.   Willfully and wantonly failed to protect Plaintiff from the infliction of emotional distress from Defendant Pointer.

c.   Willfully and wantonly failed to supervise Defendant Pointer's actions while on its premises.

d.   Willfully and wantonly failed to ensure that its staff including teachers, administrators, support staff, counselors and social workers were maintaining discipline as required by its own policies and procedures.

e.   Willfully and wantonly failed to ensure this its staff including teachers, administrators, support staff, counselors and social workers accurately reported and investigated Defendant Pointer's sexual exploitation, harassment, and grooming.

f.   Willfully and wantonly violated in relevant part its own Board Policy 4:165 Awareness and Prevention of Child Sexual Abuse and Grooming Behaviors.

g.   Willfully and wantonly violated in relevant part its own Policy 5:100 Staff Development Program.

h.   Willfully and wantonly violated in relevant part its own Policy 5:120 Employee Ethics; Code of Professional Conduct; and Conflict of Interest.

i.   Willfully and wantonly violated its own policies and procedures which include Title IX violations.

j.   Willfully and wantonly allowed staff employees and/or agents, including but not limited to its teachers, administrators, support staff, counselors, and social workers to neglect Plaintiff by failing to create a safe learning environment for Plaintiff, and failing to intervene and protect Plaintiff from the known sexual

exploitation, harassment, and grooming committed by Defendant Pointer on its premises.

104.    The Defendants actions were intentional, willful, and wanton and committed with a reckless disregard to Plaintiff J. Davis's safety and well-being.

105.    Plaintiff J. Davis was treated differently from other students who were not disabled and/or did not attempt to enforce their civil and educational rights.

106.    The Plaintiffs have been damaged by the failure of Defendants to provide a system for serving students suffering from disabilities, depriving Plaintiff J. Davis of his right to access public education.

107.    The Plaintiffs have suffered irreparable harm that in no way can be adequately remedied or compensated by law, Plaintiffs are entitled to equitable remedy, and equitable remedy is in the public interest. Plaintiffs are entitled to equitable relief.

108.    The Plaintiffs have suffered irreparable harm that in no way can be adequately remedied or compensated by law; Plaintiffs are entitled to an equitable remedy, and equitable remedy is in the public interest. Accordingly, the Plaintiffs are entitled to equitable relief.

WHEREFORE, Plaintiffs demand judgment against the Defendants for compensatory damages in an amount in excess of fifty thousand dollars ($50,000.00) and for all such further relief as the Court deems to be fair and just.

### COUNT IX –TITLE II OF THE AMERICANS WITH DISABILITIES ACT 42  U.S.C. Section 12131 et.al. AGAINST JOLIET TOWNSHIP HIGH SCHOOL DISTRICT 204

109.    Plaintiffs adopt and incorporate paragraphs 1- 108 in this paragraph 109 as if fully set forth set forth herein.

110.    Title II of the ADA and its regulations provide that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity. " 42 U.S.C. §12132 (See also 28 C.F.R. Part 35)

111.    Defendant JTHS 204 is a public entity subject to Title II of the ADA, 42 U.S.C. Section 12131.

112.    Plaintiff J. Davis is a person with a disability within the meaning of 42 U.S.C. §12102.

113.    Defendants by and through their agents and/or employees intentionally violated Plaintiff J. Davis's rights under the ADA regulations by denying him the benefits of Defendants' services, programs, and activities, on the basis of his disability, and by subjecting him to sexual misconduct, harassment, and grooming in violation of 42 U.S.C. §12132.

114.    Defendants by and through their agents and/or employees otherwise intentionally discriminated against Plaintiff Jane Doe in violation of 42 U.S.C. §12132 where the Defendants committed one or more of the following extreme and outrageous acts:

     a.    Willfully and wantonly failed to protect Plaintiff from the reasonably foreseeable sexual exploitation, harassment, and grooming by Defendant Pointer.

     b.    Willfully and wantonly failed to protect Plaintiff from the infliction of emotional distress from Defendant Pointer.

     c.    Willfully and wantonly failed to supervise Defendant Pointer's actions while on its premises.

     d.    Willfully and wantonly failed to ensure that its staff including teachers, administrators, support staff, counselors and social workers were maintaining discipline as required by its own policies and procedures.

     e.    Willfully and wantonly failed to ensure this its staff including teachers, administrators, support staff, counselors and social workers accurately reported and investigated Defendant Pointer's sexual exploitation, harassment, and grooming.

f. Willfully and wantonly violated in relevant part its own Board Policy 4:165 Awareness and Prevention of Child Sexual Abuse and Grooming Behaviors.

g. Willfully and wantonly violated in relevant part its own Policy 5:100 Staff Development Program.

h. Willfully and wantonly violated in relevant part its own Policy 5:120 Employee Ethics; Code of Professional Conduct; and Conflict of Interest.

i. Willfully and wantonly violated its own policies and procedures which include Title IX violations.

j. Willfully and wantonly allowed staff employees and/or agents, including but not limited to its teachers, administrators, support staff, counselors, and social workers to neglect Plaintiff by failing to create a safe learning environment for Plaintiff, and failing to intervene and protect Plaintiff from the known sexual exploitation, harassment, and grooming committed by Defendant Pointer on its premises.

115. The Defendants actions were intentional, willful, and wanton and committed with a reckless disregard to the J. Davis's safety and well-being.

116. Plaintiff J. Davis was treated differently from other students who were not disabled and/or did not attempt to enforce their civil and educational rights.

117. As a direct and proximate cause of Defendants' violations of the ADA, J. Davis has suffered and continues to suffer severe and grievous mental and emotional suffering, humiliation, stigma, and other injuries she will continue to suffer.

WHEREFORE, Plaintiffs demand judgment against the Defendant for compensatory damages in an amount in excess of one hundred ($100,000.00) thousand dollars, legal fees, and costs, and for all such and further relief as the Court deems to be fair and just.

## COUNT X – VIOLATION OF 105 ILCS 5/22-88.5
## AGAINST ALL DEFENDANTS

118. The Plaintiff adopts and incorporates the allegations set forth in paragraphs 1-104 of this Complaint above, as though fully set forth in paragraph 105 herein.

119.    Defendant Pointer while under the employ of Defendant JTHS did knowingly violate 105 ILCS 5/22-88.5(c) when she engaged in the sexual exploitation, harassment, and grooming of Plaintiff Davis, a minor, including but not limited to:

    a.  flirtatious, sexual, and inappropriate encounters while on the school premises;

    b.  sitting on Plaintiff's lap while in counseling sessions;

    c.  pulling Plaintiff out of class for extended periods of time, where Plaintiff missed one or more class periods for the purpose of inappropriate sexual misconduct;

    d.  sending Plaintiff explicit sexual text messages while on the premises and off the premises;

    e.  sending Plaintiff grooming and manipulative text messages while on the premises and off the premises;

    f.  making inappropriate sexual telephone calls to Plaintiff;

    g.  engaging in inappropriate sexual misconduct over Face Time calls, wherein Defendant Pointer was naked and caressing herself while Plaintiff watched;

    h.  engaging in prohibited behavior of sexual misconduct during the course of employment within a school district;

120.    Defendant Pointer while employed by Defendant JTHS did knowingly violate staff-student boundaries with a minor child.

121.    Defendant Pointer is a mandatory reporter not just in her capacity as an employee of Defendant JTHS, but also as a social worker. Despite her education and training as an employee of Defendant JTHS and a social worker, she did knowingly engage in sexual misconduct.

122.    Defendant Pointer's egregious actions and engagement in sexual misconduct also violates Title IX.

WHEREFORE, Plaintiff demands judgment against the Defendants for compensatory damages in an amount in excess of fifty thousand dollars ($50,000.00) and for exemplary damages

in an amount that will serve to punish the Defendants and deter the Defendants from similar conduct and for their costs and expenses and for all such and further relief as the Court deems to be fair and just.

**COUNT XI – VIOLATION OF 740 ILCS 140/**
**AGAINST ALL DEFENDANTS**

123.    The Plaintiff adopts and incorporates the allegations set forth in paragraphs 1-122 of this Complaint above, as though fully set forth in paragraph 123 herein.

124.    Defendant Pointer is a licensed social worker under Illinois law. Additionally, Defendant Pointer is regulated by Ill. Admin. Code tit. 68 § 1283.100.

125.    At all relevant times Defendant Pointer was a social worker employed by Defendant JTHS.

126.    Defendant Pointer is a mandatory reporter by nature of her licensure as a social worker under Illinois law. Despite her education and training as an employee of Defendant JTHS and a social worker, she did knowingly engage in sexual misconduct.

127.    Defendant Pointer is by definition a psychotherapist and Plaintiff was her patient and a minor and was emotionally dependent upon Defendant Pointer.

128.    Defendant Pointer did engage in sexual contact as defined by law with Plaintiff who was a minor, both on and off the premises, including but not limited to:

> a.    flirtatious, sexual, and inappropriate encounters while on the school premises;
>
> b.    sitting on Plaintiff's lap while in counseling sessions;
>
> c.    pulling Plaintiff out of class for extended periods of time, where Plaintiff missed one or more class periods for the purpose of inappropriate sexual misconduct;
>
> d.    sending Plaintiff explicit sexual text messages while on the premises and off the premises;

e.      sending Plaintiff grooming and manipulative text messages while on the premises and off the premises;

f.      making inappropriate sexual telephone calls to Plaintiff;

g.      engaging in inappropriate sexual misconduct over Face Time calls, wherein Defendant Pointer was naked and caressing herself while Plaintiff watched;

h.      engaging in prohibited behavior of sexual misconduct during the course of employment within a school district;

129.   Defendant JTHS knew or should have known that Defendant Pointer was engaged in sexual contact with Plaintiff and reported it.

WHEREFORE, Plaintiff demands judgment against the Defendants for compensatory damages in an amount in excess of fifty thousand dollars ($50,000.00) and for exemplary damages in an amount that will serve to punish the Defendants and deter the Defendants from similar conduct and for their costs and expenses and for all such and further relief as the Court deems to be fair and just.

## COUNT XII – BATTERY
## AGAINST DEFENDANT POINTER

130.   Plaintiff repeats and reasserts the allegations of paragraphs 1-129 as this paragraph 130 as if though fully set forth herein.

131.   The aforesaid offensive actions of Defendant Pointer were done with a desire to cause a touching that was reasonably offensive and in fact did result in a touching that was reasonably offensive.

132.   Defendant's offensive actions were deliberate, intentional, willful, malicious, outrageous, and done with an evil motive.

133.   Plaintiff has suffered significant damages as a result of the above battery, including severe mental and emotional distress, physical harm, embarrassment, and humiliation.

WHEREFORE, Plaintiff respectfully requests judgment against Defendant Pointer, in an amount that will fully compensate her for injuries and damages of the past and future, including but not limited to lost wages of the past and future, lost employee benefits, attorney fees and costs, punitive damages and prejudgment interest, emotional distress, insult, embarrassment and humiliation, all in a sum greater than $50,000.00, as well as interest, and any other further relief the Court deems just and appropriate.

## COUNT XIII – COMMON LAW *RESPONDEAT SUPERIOR* LIABILITY FOR BATTERY AGAINST JOLIET TOWNSHIP HIGH SCHOOL DISTRICT 204

134.    The Plaintiff adopts and incorporates the allegations set forth in paragraphs 1-133 above as if set forth in this paragraph 134 herein.

135.    That the aforesaid offensive actions of Defendant Pointer were taken while Defendant Pointer was acting as an employee and social worker for Defendant JTHS and acting within the scope of her employment as an employee and social worker for Defendant JTHS.

136.    That Defendant Pointer's offensive actions were deliberate, intentional, willful, malicious, outrageous, and done with an evil motive.

137.    That Defendant Pointer's unlawful and unprovoked actions constituted battery.

138.    That Defendant JTHS is liable for the negligent, willful, malicious, or even criminal acts of its employee and social worker committed in the course of employment.

139.    That Defendant JTHS is liable for the acts of its employee and social worker, Defendant Pointer, who battered Plaintiff from his sophomore year on as a student at Defendant JTHS.

140.    Plaintiff has suffered significant damages as a result of the above battery, including severe mental and emotional distress, physical harm, embarrassment, and humiliation.

WHEREFORE, Plaintiff respectfully requests judgment against Defendant Pointer, in an amount that will fully compensate her for injuries and damages of the past and future, including

but not limited to lost wages of the past and future, lost employee benefits, attorney fees and costs, punitive damages and prejudgment interest, emotional distress, insult, embarrassment and humiliation, all in a sum greater than $50,000.00, as well as interest, and any other further relief the Court deems just and appropriate.

**COUNT XIV – ASSAULT**
**AGAINST DEFENDANT POINTER**

141.    Plaintiff hereby adopts and re-alleges paragraphs 1-140 as though fully set forth herein.

142.    Defendant Pointer acted with intent to cause harmful and offensive conduct, and harmful and offensive contact did result.

143.    Defendant Pointer's actions caused Plaintiff to have a reasonable fear of imminent offensive or harmful contact with his person.

144.    Plaintiff did not consent to any contact, at any time.

145.    Defendant Pointer's actions were extreme and outrageous and were done deliberately, willfully, and wantonly to injure Plaintiff.

WHEREFORE, Plaintiff respectfully requests judgment against Defendant Pointer, in an amount that will fully compensate her for injuries and damages of the past and future, including but not limited to lost wages of the past and future, lost employee benefits, attorney fees and costs, punitive damages and prejudgment interest, emotional distress, insult, embarrassment and humiliation, all in a sum greater than $50,000.00, as well as interest, and any other further relief the Court deems just and appropriate.

**COUNT XV – COMMON LAW *RESPONDEAT SUPERIOR* LIABILITY FOR ASSAULT**
**AGAINST JOLIET TOWNSHIP HIGH SCHOOL DISTRICT 204**

146.    The Plaintiff adopts and incorporates the allegations set forth in paragraphs 1-145 above as if set forth in this paragraph 146 herein.

147.    That the aforesaid offensive actions of Defendant Pointer were taken while Defendant Pointer was acting as an employee and social worker for Defendant JTHS and acting within the scope of her employment as an employee and social worker for Defendant JTHS.

148.    That Defendant Pointer's offensive actions were deliberate, intentional, willful, malicious, outrageous, and done with an evil motive.

149.    That Defendant Pointer's unlawful and unprovoked actions constituted assault.

150.    That Defendant JTHS is liable for the negligent, willful, malicious, or even criminal acts of its employee and social worker committed in the course of employment.

151.    That Defendant JTHS is liable for the acts of its employee and social worker, Defendant Pointer, that assaulted Plaintiff from his sophomore year on as a student at Defendant JTHS.

152.    Plaintiff has suffered significant damages as a result of the above battery, including severe mental and emotional distress, physical harm, embarrassment, and humiliation.

        WHEREFORE, Plaintiff respectfully requests judgment against Defendant Pointer, in an amount that will fully compensate her for injuries and damages of the past and future, including but not limited to lost wages of the past and future, lost employee benefits, attorney fees and costs, punitive damages and prejudgment interest, emotional distress, insult, embarrassment and humiliation, all in a sum greater than $50,000.00, as well as interest, and any other further relief the Court deems just and appropriate.

                                        Respectfully submitted,
                                        **JHAMIR DAVIS and**
                                        **JENNIFER WILLIAMS**

                                        By:  s/s John C. Kreamer
                                        One of their Attorneys

31

John C. Kreamer
Kreamer Law Group, LLC
1100 E. Warrenville Rd., Ste.135
Naperville, Illinois 60563
T.  630- 857-3609
F. 630-597-9532
Firm #45899
Email: jckreamer@kreamerlawgroup.com